Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO BENITEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFUSION CAPITAL LLC.<br><br>Defendant. | Case No. **'20CV1314 BEN BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARIANO BENITEZ ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of INFUSION CAPITAL LLC.

CLASS ACTION COMPLAINT

- 1 -

1. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a California resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida Company. Plaintiff also seeks up to $1,500.00 in damages for each call; in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Plaintiff resides within the County of San Diego.

## PARTIES

4. Plaintiff, MARIANO BENITEZ ("Plaintiff"), is a resident of San Diego County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, INFUSION CAPITAL LLC. ("Defendant") is an investment banking company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

## FACTUAL ALLEGATIONS

6. Beginning in or around October 2019, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -7919, in an attempt to solicit Plaintiff to purchase Defendant's s services.

7. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

8. Defendant contacted or attempted to contact Plaintiff from telephone number (142) 440 - 1200 confirmed to be Defendant's s number

CLASS ACTION COMPLAINT

- 2 -

9. Defendant's call constituted call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10. Defendant's call was placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming call pursuant to *47 U.S.C. § 227(b)(1)*.

11. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive call using an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephones pursuant to *47 U.S.C. § 227(b)(1)(A)*.

12. Such call constitutes solicitation call pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

13. Plaintiff never granted Defendant any prior express consent nor was any established business relationship with Defendant in existence as defined under 16 C.F.R. 310.4(b)(1)(iii)(B).

14. Upon information and belief and based on Plaintiff's experiences of being called by Defendant after requesting they stop calling, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the four proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or

prerecorded voice and such person had not previously consented to receiving such call within the four years prior to the filing of this Complaint.

16. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

17. Defendants, their employees, and their agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

19. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The

Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendants should be enjoined from engaging in such conduct in the future.

21. As a person that received numerous calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual

issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. Defendants have acted or refused to act lawfully in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

### On behalf of Plaintiff and the ATDS Class

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29. Plaintiff and the ATDS Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

### On Behalf of Plaintiff and the ATDS Class

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

32. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

34. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 10th day of July, 2020.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

      By:  /s/ Todd M. Friedman
            Todd M. Friedman
            Law Offices of Todd M. Friedman
            Attorney for Plaintiff